UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HUGHES,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 17-cv-1315-JES |

## ORDER AND OPINION

Now before the Court is Petitioner Hughes' Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

On May 22, 2008, Michael Hughes was charged in the Central District of Illinois in an Indictment alleging that Hughes possessed five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). R. 4. The United States later filed a Notice of Prior Conviction under 21 U.S.C. § 851—a 2005 Illinois conviction for manufacture/delivery of controlled substance—which triggered the enhanced penalties under § 841(b)(1). R. 12. Thereafter, Hughes entered into a plea agreement with the United States, whereby Hughes agreed to plead guilty to the charge in the Indictment in exchange for the United States' agreement to recommend a sentence in the middle to low end of the guidelines. The parties further agreed that Hughes qualified as a Career Offender under U.S.S.G. § 4B1.1

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Hughes*, No. 2:08-cr-20027-JES-DGB-1 (C.D. Ill.) are styled as "R.__."

and that his guideline range was 262 to 327 months of imprisonment. R. 14, at ¶ 28. The plea agreement also contained appeal and collateral attack waivers. *Id*. at ¶¶ 29–31. At the sentencing hearing on April 30, 2010, the Court sentenced Hughes to 180 months of imprisonment, well below the applicable guideline range. R. 23.

Hughes did not appeal his conviction or sentence, and did not file the instant § 2255 Motion until July 5, 2017—more than seven years after his conviction became final. In his Motion, Hughes argues that he does not qualify as a Career Offender under the guidelines because his aggravated battery conviction does not qualify as a crime of violence following *Mathis v. United States*, 136 S. Ct. 2243 (2016). Doc. 1, at 4, 11. The United States filed a Response, arguing, *inter alia*, that Hughes' collateral attack waiver precludes consideration of his Motion and further, his guideline challenge is not cognizable on collateral review. Doc. 7. This Order follows.

**LEGAL STANDARD**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## DISCUSSION

The claims in Hughes' Motion suffer from numerous procedural and substantive defects, but the Court will limit its analysis to just one: Hughes cannot challenge his Career Offender designation in a collateral proceeding. Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Petitioner Hughes because together they hold a petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice).

3

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Because Hughes' only challenge in his Motion is to the district court's calculation of his advisory guideline range (i.e., the Career Offender designation), his claim is not cognizable on collateral review and must therefore be denied.

## CERTIFICATE OF APPEALABILITY

Where a federal court enters a final order adverse to the petitioner, "the district court must issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a petition on procedural grounds, in order to obtain a certificate, the petitioner must show both that "jurists of reason

4

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 478. Because no reasonable jurist could debate that Hughes' claims are squarely foreclosed by circuit precedent, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 29th day of June, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge